UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA MIKENAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-00530 (UNA) |
| | ) |
| JOEL RIEFF, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff has filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues an individual, Joel Rieff, who resides in Chicago, Illinois. The complaint is far from a model in clarity. Plaintiff accuses defendant of stalking and terrorizing her, in addition to other assorted crimes. She also contends that defendant is connected to a vast terrorist network.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff's claims fail to raise any federal question. The complaint does not identify any legal authority upon which plaintiff may rely, nor can any be inferred from context. Moreover,

a plaintiff may not initiate criminal proceedings by filing a complaint with this court because it has no authority to compel the government to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether or not to prosecute, and for what offense, rests solely with the government. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Nor may plaintiff compel a criminal investigation by any law enforcement agency by filing a petition. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Second, there can be no diversity jurisdiction. *See* 28 U.S.C. § 1332. Although plaintiff and defendant are located in different states, plaintiff has not pled an amount in controversy, much less the threshold amount, and the amount in controversy must be determined at the time an action is commenced. *King v. Morton*, 520 F.2d 1140, 1145 (D.C. Cir. 1975). Indeed, it is completely unclear what relief, if any, plaintiff seeks.

For these reasons, the complaint, ECF No. 1, and the case, are dismissed without prejudice.

A separate order accompanies this memorandum opinion.

Date:

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge